

**FILED**

**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **CHERYL A. KOSNIK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.** |
| **v.** | ) | |
| | ) | |
| **1ST UNUM LIFE INSURANCE CO.,** | ) | |
| **UNUM PROVIDENT,** | ) | |
| **UNUM POLICY SERVICE,** | ) | |
| **UNUM QUALITY PERFORMANCE** | ) | |
| **SUPPORT and UNUM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**08 C 500**

**JUDGE DOW
MAGISTRATE JUDGE KEYS**

<u>**NOTICE OF REMOVAL OF CIVIL ACTION**</u>

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:**

Removing parties, defendants, FIRST UNUM LIFE INSURANCE CO and UNUM GROUP , incorrectly named as UNUM PROVIDENT, UNUM POLICY SERVICE, UNUM QUALITY PERFORMANCE SUPPORT and UNUM ("First Unum and Unum Group" or "defendants removing parties"), by their attorneys, Michael J. Smith and Warren von Schleicher, hereby provide notice of removal pursuant to 28 U.S.C. §1441, *et. seq.*, and respectfully present this court the following grounds for removal:

1.      Defendants, First Unum and Unum Group, the removing parties, are defendants in an action captioned *Cheryl A. Kosnik v. 1st Unum Life Insurance Co., Unum Provident, Unum Policy Service, Unum Quality Performance Support and Unum*, No. 2007L001365 now pending in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois ("Complaint"). Plaintiff, Cheryl A. Kosnik ("plaintiff"), commenced this action on December 28, 2007 in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois.

2.      The Complaint (attached hereto as Exhibit A) in connection with the aforementioned action constitutes all of the process, pleadings and orders served on the defendants/removing parties.  There have been no further proceedings in connection with this case in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois.

3.      On January 3, 2008, the Complaint was served on defendants/removing parties through their attorneys, Michael J. Smith and Warren von Schleicher.

4.      By reason of the date of service on the defendants/removing parties of the Complaint, the defendants/removing parties are required to file their Notice of Removal on or before February 4, 2008.  Because the defendants/removing parties have filed their Notice of Removal on or before February 4, 2008, the Notice of Removal filed by defendants/removing parties is timely filed pursuant to 28 U.S.C. §1441 and §1446.

5.      This civil action is removable pursuant to 28 U.S.C. § 1331, in that the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et. seq.* ("ERISA") governs the aforementioned entitled action and completely preempts all state law claims asserted against removing parties, First Unum and Unum Group, by the plaintiff in the Complaint based on 29 U.S.C. §1132(a) and the complete preemption doctrine of federal jurisdiction.

6.      Plaintiff's Complaint references, in paragraph 1 of Count 1, that she was employed by Computer Associates and was insured by "the Defendants".  Policies of insurance were issued to Computer Associates under which the plaintiff asserts coverage.  Plaintiff did not, however, attach the insurance policies to the Complaint. First Unum and Unum Group, therefore, attach to this removal petition, as Exhibits B and C, respectively, a complete copy of the Group Short Term Disability Insurance Policy and the Group Long Term Disability Insurance Policy referenced by plaintiff in her Complaint, together with all amendments thereto (hereinafter

collectively "Group Policies"). The Group Policies were purchased by and issued to Computer

Associates, as the employer, by First Unum in order to provide group short term disability

insurance coverage  and group long term disability insurance coverage to eligible employees of

Computer Associates as an employee benefit.  Computer Associates established and endorsed the

Group Policies as its short term and long term disability insurance program by purchasing the

Group Policies and offering coverage under the Group Policies to eligible employees of

Computer Associates as a benefit of their employment with Computer Associates.

7.      The plaintiff alleges, in the Complaint, that she was an insured under the Group

Policies, that she was placed on short term disability and that she seeks to recover long term

disability benefits pursuant to the terms of the Group Long Term Disability Policy (Exhibit C).

The plaintiff, in the Complaint, claims that defendants/removing parties have refused to pay to

her the monthly disability benefits to which she claims she is entitled, which are allegedly due

and owing to the plaintiff under the terms of the Group Long Term Disability Insurance Policy.

The plaintiff, therefore, alleges a colorable claim to benefits as a participant or beneficiary of the

Group Long Term Disability Policy. First Unum denies that plaintiff is entitled to the disability

benefits to which plaintiff claims entitlement pursuant to the terms of the Group Long Term

Disability Insurance Policy.

8.      The above entitled action is a civil action related to a claim for benefits under a

group long term disability policy of insurance, which is part of or related to an employee welfare

benefit plan established under ERISA, issued by First Unum to Computer Associates.  Because

the plaintiff seeks to recover long term disability benefits under the terms of the Group Long

Term Disability Policy, her claim cannot be resolved without an interpretation of the terms and

conditions of the Group Long Term Disability Policy.  The plaintiff's action to recover long term disability benefits, therefore, arises under and is governed by 29 U.S.C. §1132(a)(1)(B).

9.     By reason of the terms of the Group Long Term Disability Policy and the plaintiff's claim for long term disability benefits under the terms of the Group Long Term Disability Policy, this case is properly removable from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, based on the complete preemption doctrine of federal jurisdiction, 29 U.S.C. §1132(a), and federal question jurisdiction, 28 U.S.C. §1331.

10.     Because there is federal question jurisdiction in this matter pursuant to 28 U.S.C. §1331 based on ERISA and the complete preemption doctrine of federal jurisdiction (29 U.S.C. §1132(a)), the defendants/removing parties are entitled to removal of this matter from state court to federal court pursuant to 28 U.S.C. §1441.

WHEREFORE, defendants/removing parties, FIRST UNUM LIFE INSURANCE COMPANY and UNUM GROUP, incorrectly named as UNUM PROVIDENT, UNUM POLICY SERVICE, UNUM QUALITY PERFORMANCE SUPPORT and UNUM, request that the above entitled action be removed from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300
michael.smith@svs-law.com
warren.vonschleicher@svs-law.com

Respectfully submitted,


By: /s/ Michael J. Smith
     Attorney for Defendants/Removing Parties,
     First Unum Life Insurance Company and Unum
     Group, incorrectly named as Unum Provident,
     Unum Policy Service, Unum Quality Performance
     Support and Unum

# EXHIBIT A
# TO REMOVAL PETITION

UNITED STATES OF AMERICA

STATE OF ILLINOIS                                    COUNTY OF DUPAGE
IN THE CIRCUIT COURT OF THE  EIGHTEENTH  JUDICIAL CIRCUIT


Cheryl A. Kosnik                          Etal    )**2007L001365**
                                        Plaintiff  )
                                                   ) Status Date: 03/26/08
                                                   ) Mgmt Date: 06/16/08
Vs.                                                ) Assigned To: 2016
                                                   )     No.#_____
                                                   )
                                                   )
1st. Unum Life Insurance Co.              Etal    )
Unum Provident                            Etal    )
Unum Policy Service                       Etal    )
Unum Quality Performance Support          Etal    )
Unum                                      Etal    )
                                       Defendants  )

```
FILED
Dec 28 2007 - 8:56 AM
Chus Keshuarba
CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS
```

COMPLAINT

1   Comes now the Plaintiff , Pro-Se (with right to amend at time of finding counsel) ,Cheryl A.

2   Kosnik , and inaccordance with Law and Statute files this Lawful and Timely Complaint for

3   Relief from adverse decision entered by the above named Defendants :

4

5           1). Plaintiff is a resident of the State of Illinois , County of DuPage for a period

6           in excess of 10 years.

7           2).That this Honorable Court has Venu in this Cause of Action .

8           3). That Defendants are Licensed to do Lawful Business in the State of Illinois .

9           4). Defendants Agent Unum Insurance located at 500 W. Monroe St. Chicago ,

10          Illinois 60661/1.312.993.6700 . Corporate Address ; 1 Fountain Square

11          Chattanooga , Tennessee  37402 , 1.423.294.8046

12

13                                    Count I

14  1). That the Plaintiff was employed by Computer Associates , Licensed in the State of Illinois ,

15  and Insured by the Defendants etal .

1    2). That Plaintiff was placed on short-term disability by Defendants ;

2    3). That the Plaintiff was denied Long-Term Disability Benefits by Defendants ;

3    4). That Plaintiff was Medically disabled and could not perform her duties with Computer

4    Associates.

5    5). That Plaintiff was placed in Extreme Undue Financial Situations and Dire Undue Medical

6    situations created by the capricious and arbitrary actions of Defendants to deny her Long-Term

7    Disability Benefits.

8

9                                    Count II

10    1). That the Plaintiff , has been Adjudicated by Social Security Administration as 100%

11    Disable as of 2003 .

12

13                                    Relief

14    1). That Plaintiff is entitled to Sixty per cent (60%) of her highest salary prior to the unlawful

15    denial of her Long-Term Benefits for the period 2003 thru the adjudication , final , this Lawful

16    Cause of Action ; inclusive but not limited to any and all medical payments , any and all out of

17    pocket expenses' , inclusive but not limited to Legal Fees , bank loans, interest payments and any

18    and all other debts incurred due to the Denial of her lawful benefits by Defendants since 2003 .

19

20    2). That Plaintiff , by Law is Entitled to be made Whole again , and Punitive Damages in the

21    Amount of treble actual damages.

22

23    3). Fair and Equitable as this Court deems .

24

25

26    *Cheryl Skosnik 28 Dec 07*

27    Cheryl A. Kosnik                              date

28    POB 688

29    Warrenville , Illinois 60555.0688

30

# EXHIBIT B
# TO REMOVAL PETITION

Policyholder:  **COMPUTER ASSOCIATES**

Policy Number:  453819

Policy Effective Date:  June 1, 1996

Premium Due Dates:  June 1 and the first day of each following September, December, March, and June.

Governing Jurisdiction:  NEW YORK

Policy Anniversary:  January 1, 1997, and each following January 1.

**GROUP**

**SHORT TERM**

**DISABILITY**

**INSURANCE**

**POLICY**

**NON**

**PARTICIPATING**

First UNUM Life Insurance Company (referred to as the Insurance Company) will pay the benefits provided in this policy.  The Insurance Company makes this promise subject to all of this policy's provisions.

The Policyholder should read the Policy Specifications carefully and contact the Insurance Company promptly with any questions.

This Policy is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable by the Employee Retirement Income Security Act of 1974.

Signed for the Insurance Company at Tarrytown, New York on the Policy Effective Date.

Secretary                    President

First UNUM Life Insurance Company

This policy is divided into sections as follows:

| | | |
|---|---|---|
| Section | I | POLICY SPECIFICATIONS |
| | | PART I - SCHEDULE |
| | | PART II - GENERAL INFORMATION |
| Section | II | DEFINITIONS |
| Section | III | ELIGIBILITY AND EFFECTIVE DATES |
| Section | IV | BENEFITS |
| Section | V | TERMINATION PROVISIONS |
| Section | VI | GENERAL POLICY PROVISIONS |
| Section | VII | PREMIUMS |

This policy follows a letter-number sequence.  It is not necessary that it include all letters or numbers in complete sequence to be correct.

SECTION I  POLICY SPECIFICATIONS

PART I

SCHEDULE

1. **SHORT TERM DISABILITY BENEFITS - Employees Only**

   a. **Description of Eligible Classes**

   All Employees working outside of New York and New Jersey

   b. **Amounts of Insurance**

   **Short Term Disability Amount**

   100% of weekly earnings for the first six weeks to a maximum of $1,731 per week. 60% of weekly earnings for the next twenty weeks to a maximum benefit of $1,731 per week less any amounts the employee receives or is entitled to receive under:

   1. the mandatory portion of any "no fault" motor vehicle plan; and

   2. any state compulsory benefit act or law.

   c. **Day Benefits Begin:**

   8th day injury;
   8th day sickness.

   d. **Maximum Benefit Period:**

   26 weeks injury
   26 weeks sickness

   e. **Pregnancy:**

   Covered the same as a sickness.

PS-WI-1 (4/1/00)(REV-1)

SECTION     POLICY SPECIFICATIONS (con't)

f. **Short Term Disability Insurance:**
Does not cover occupational losses.  But occupational losses are covered for a partner or a sole proprietor who cannot be covered by law under Workers' or Workmen's Compensation or any similar law.

SECTION 10500 · DOCUMENT SPECIFICATIONS

### PART II

### GENERAL INFORMATION

1. Minimum Requirement for Active Employment:  30 hours per week

2. Waiting Period:

   a. Employees in an eligible class on or before the policy effective date:
   None

   b. Employees entering an eligible class after the policy effective date:  None

   The employee must be in continuous active employment in an eligible class
   during the specified waiting period.

3. Contributions:

   Who pays for the Plan?

   The employer pays for the plan.

4. Divisions, Subsidiaries or Affiliated Companies included:

   Name of Company    Location (City and State)

   Refer to contract file correspondence for a complete listing
   of COMPUTER ASSOCIATES locations which will
   be updated annually by the policyholder with additions and
   deletions

5. Definition of Earnings:

   "Earnings" means the annual, monthly, bi-weekly, or weekly pay, as the case
   may be, received by the employee from the employer.  It includes earnings
   from commissions, bonuses, and cash compensation but not overtime pay or
   other additional compensation.

   Commissions and bonuses will be averaged for the lesser of:

   a. the 12 month period of employment just prior to the date of loss; or

   b. the period of employment.

6. Changes Effective:

   Subject to the Delayed Effective Date subsections, changes in insurance take
   effect immediately.

PS-GI-1 (4/1/00)

7. Continuation of Employee Insurance During Absences:

| Type of Absence | Time Limit |
|---|---|
| Injury or Sickness | For the absence up to the employee's retirement date. |
| Temporary Layoff or Leave of Absence | To the end of the policy month following the policy month in which the layoff or leave of absence begins. |

8. Discretionary Authority:

In making any benefits determination under this Policy, the Insurance Company shall have the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this Policy.

# SECTION 1 - POLICY SPECIFICATIONS (continued)

**PREMIUM RATES:**

Employee Short Term Disability       $ 75.54  per Employee

SECTION II - DEFINITIONS

For the purposes of this policy:

"Active employment" means the employee must be working:

a.  for the employer on a permanent full-time basis and paid regular earnings;

b.  at least the minimum number of hours shown in Part II of the Policy Specifications; and either

c.  at the employer's usual place of business; or

d.  at a location to which the employer's business requires the employee to travel.

"Certificate" means a written statement prepared by the Insurance Company including all riders and supplements, if any, setting forth a summary of:

a.  the insurance benefits to which an employee is entitled;

b.  to whom the benefits are payable; and

c.  limitations or requirements that may apply.

"Complications of pregnancy" means that part of a pregnancy during which abnormal conditions or concurrent disease significantly affect the pregnancy's usual medical management.

A complication may exist:

a.  during the pregnancy;

b.  during the delivery; or

c.  after the delivery.

But complications of pregnancy does not include an elective cesarean section.

"Employee" means a person in active employment with the employer.

"Employer" means the Policyholder and includes any division, any subsidiary or any affiliated company named in Part II of the Policy Specifications.

"Evidence of insurability" means a statement or proof of an employee's medical history upon which acceptance for insurance will be determined by the Insurance Company.

"Grace period" is the 31 days following any premium due date.

"Home Office" means the UNUM Life Insurance Company, 2211 Congress Street, Portland, Maine 04122.

Male pronoun whenever used includes the female.

SECTION II – DEFINITIONS (continued)

"Occupational" means arising out of, or in the course of, any employment for pay or profit.

"Physician" means a person who is:

a.   operating within the scope of his license; and either

b.   licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

c.   legally qualified as a medical practitioner and required to be recognized, under this policy for insurance purposes, according to the insurance statutes or the insurance regulations of the governing jurisdiction.

It does not include an employee or his spouse, daughter, son, father, mother, sister, or brother.

"Policy Specifications" is the document showing the eligible classes, the amounts of insurance and other relevant information pertaining to the plan of insurance applied for by the Policyholder.  It is designated Section I, is attached to and is part of this policy.

"Retirement date" means the first of the following to occur:

a.   The effective date of the employee's retirement benefits under:

    i.   any plan of a federal, a state, a county, a municipal or an association retirement system for which the employee is eligible as a result of employment with the employer;

    ii.  any plan the employer sponsors; or

    iii. any plan for which the employer:

        a)  makes contributions; or

        b)  has made contributions.

b.   The effective date of the employee's retirement benefits under the United States Social Security Act or any similar plan or act.

But any employee in active employment and receiving retirement benefits under the United States Social Security Act or any similar plan or act will not be considered retired.

"Sickness" means illness or disease.  It includes pregnancy unless excluded elsewhere.

"Total disability" and "totally disabled" mean that, as a result of sickness or injury the employee is unable to perform each of the material duties of his regular occupation.

SECTION II - DEFINITIONS (continued)

<u>"Waiting period"</u>, as described in Part II of the Policy Specifications, means the continuous length of time immediately before the employee's date of eligibility during which he must be in an eligible class.

## SECTION III - ELIGIBILITY AND EFFECTIVE DATES

A.  ELIGIBLE CLASSES

The classes eligible for each benefit are shown in Part I of the Policy Specifications.

B.  DATE OF ELIGIBILITY

An employee in an eligible class will be eligible for employee insurance on the later of these dates:

1.  the policy effective date, if the employee has completed the waiting period; or

2.  the day after the employee completes the waiting period.

If a former employee is rehired within one year of the date his employment terminated, his previous service in an eligible class will apply toward the waiting period to determine that employee's date of eligibility.  But all other policy provisions will apply.

C.  EFFECTIVE DATES OF INSURANCE

Insurance will be effective at 12:01 a. m. on the day determined as follows, but only if the employee's written application for insurance is:

a.  made with the Insurance Company through his employer; and

b.  on a form satisfactory to the Insurance Company.

1.  An employee will be insured for noncontributory insurance on the later of these dates:

a.  the employee's date of eligibility; or

b.  the date the Insurance Company gives its approval, if an employee terminated his insurance while continuing to be eligible.  The employee must submit an application and evidence of insurability to the Insurance Company for approval.  This will be at the employee's expense.

2.  An employee will be insured for contributory insurance on the latest of these dates:

a.  the employee's date of eligibility, if he has made written application for insurance on or before that date;

b.  the date the employee makes written application for insurance, if he does it on or before the 31st day after his date of eligibility; or

c.  the date the Insurance Company gives its approval, if the employee:

i.  makes written application for insurance more than 31 days after his date of eligibility; or

ii.  terminated his insurance while continuing to be eligible.

In both cases, the employee must submit an application and evidence of insurability to the Insurance Company for approval.  This will be at the employee's expense.

SECTION III - ELIGIBILITY AND EFFECTIVE DATES (continued)

3.  Delayed Effective Date For Insurance - The effective date of any initial, increased or additional insurance will be delayed for a person if he is not in active employment because of an injury, a sickness, a temporary layoff or a leave of absence on the date that insurance would otherwise be effective.   The initial, increased or additional insurance will start on the date that person returns to active employment.

SECTION IV – BENEFITS
SHORT TERM DISABILITY BENEFITS - EMPLOYEE ONLY

A.  A weekly benefit will be paid if the employee as a result of an injury or a sickness:

1.  becomes totally disabled while insured;
2.  requires the regular care of a physician; and
3.  submits proof of his total disability.

Benefits will only be paid for up to the maximum benefit period during any one continuous period of total disability.  A new maximum benefit period will start if an employee becomes totally disabled due to:

a.  the same or a related cause only after he has returned to active employment for two full consecutive weeks; or
b.  an unrelated cause only after he has returned to active employment for one full day.

The short term disability amount, the day benefits begin and the maximum benefit period are shown in Part I of the Policy Specifications.  The short term disability amount will be reduced by any other disability income benefits shown below.  Benefits payable for less than one week will be paid at the rate of 1/5th of the short term disability amount for each day of total disability.*

Other Disability Income Benefits

Other disability income benefits means those benefits shown below that are payable for the same disability for which the Insurance Company pays a short term disability benefit.

1.  Any amount the employee receives or is entitled to receive under the mandatory portion of any "no-fault" motor vehicle plan.

2.  The amount the employee receives or is entitled to receive under any state compulsory benefit act or law.

B.  Exclusions

No weekly income benefits will be paid for loss resulting from:

1.  war, declared or undeclared, or any act of war;
2.  active participation in a riot;
3.  participation in a felony; or
4.  an occupational injury or sickness.  But this exclusion will not apply to a partner or sole proprietor who cannot be covered by law under Workers' or Workmen's Compensation or any similar law.

C.  Short term disability benefits will terminate on the earliest of the following dates.

1.  The date the employee is no longer totally disabled.
2.  The date the employee receives retirement benefits under any plan the employer sponsors.
3.  The date the employee returns to work in any gainful occupation.

_____
*Special

## SECTION V - TERMINATION PROVISIONS

### A. TERMINATION OF EMPLOYEE'S INSURANCE

An employee will cease to be insured for any employee insurance on the earliest of the following dates:

1. the date this policy is terminated;

2. the date the employee is no longer in an eligible class;

3. the date the employee's class is no longer included for insurance;

4. the end of the period for which the last required employee contribution for the employee's insurance has been paid; or

5. the date the employee's employment terminates.  The employee's employment will be considered terminated if he ceases active employment.  But if absence from active employment is of a type described in Part II of the Policy Specifications, the Policyholder may continue the employee's insurance by paying the required premiums up to the stated time limits.

   The Policyholder must not discriminate unfairly among employees in similar situations.

### B. TERMINATION OF POLICY

1. Termination of this policy under any conditions will not prejudice any payable claim which occurs while this policy is in force.

2. If the Policyholder fails to pay any premium within the grace period, this policy will automatically terminate at 12:00 midnight of the last day of the grace period.  The Policyholder may terminate this policy by advance written notice delivered to the Insurance Company at least 31 days prior to the termination date.  But this policy will not terminate during any period for which premium has been paid.  The Policyholder will be liable to the Insurance Company for all premiums due and unpaid for the full period for which this policy is in force.

3. The Insurance Company may terminate this policy on any premium due date by giving written notice to the Policyholder at least 31 days in advance if:

   a. the number of employees insured is less than 10;

   b. less than 100% of those eligible for any noncontributory insurance are insured for it;

   c. less than 75% of those eligible for any contributory insurance are insured for it; or

   d. the Policyholder fails:

      i. to furnish promptly any information which the Insurance Company may require; or
      ii. to perform any other obligations pertaining to this policy.

4. Termination may take effect on an earlier date when both the Policyholder and the Insurance Company agree.

## SECTION VI - GENERAL POLICY PROVISIONS

A.  STATEMENTS

All statements made in any application are considered representations and not warranties (absolute guarantees). No statements by:

1.  the Policyholder in applying for this policy will make it void unless the statements are contained in the application; or

2.  any employee in applying for insurance under this policy will be used to reduce or deny a claim unless a copy of the application for insurance is or has been given to:

    a.  the employee; or

    b.  the employee's beneficiary, if any.

B.  COMPLETE CONTRACT - POLICY CHANGES

1.  This policy is the complete contract. It consists of:

    a.  all of the pages;

    b.  the Policy Specifications;

    c.  the attached application of the Policyholder; and

    d.  each employee's application for insurance (employee retains his own copy).

2.  This policy may be changed in whole or in part. Only an officer or a registrar of the Insurance Company can approve a change. The approval must be in writing and endorsed on or attached to this policy.

3.  Any other person, including an agent, may not change this policy or waive any part of it.

C.  EMPLOYEE'S CERTIFICATE

The Insurance Company will provide a certificate to the Policyholder for delivery to each insured employee. If the terms of a certificate and this policy differ, this policy will govern.

D.  FURNISHING OF INFORMATION - ACCESS TO RECORDS

1.  The Policyholder will furnish at regular intervals to the Insurance Company:

    a.  information relative to persons:

        i.  who qualify to become insured;

        ii.  whose amounts of insurance change; and/or

        iii.  whose insurance terminates.

    b.  any other information about this policy that may be required.

The employer's and/or policyholder's records which, in the opinion of the Insurance Company, have a bearing on the insurance will be opened for inspection by the Insurance Company at any reasonable time.

SECTION VI - GENERAL POLICY PROVISIONS (continued)

2. Clerical error or omission will not:

   a. deprive an employee of insurance;

   b. affect an employee's amount of insurance; or

   c. effect or continue an employee's insurance which otherwise would not be in force.

E. MISSTATEMENT OF AGE

If an employee's age is misstated:

1. a fair adjustment of premium will be made; and

2. the correct age will decide if and in what amount insurance is valid under this policy.

F. NOTICE AND PROOF OF CLAIM

1. Notice

   a. Written notice of claim must be given to the Insurance Company within 30 days after the date of loss on which claim is based. If that is not possible, the Insurance Company must be notified as soon as it is reasonably possible to do so.

   b. When the Insurance Company has written notice of the employee's claim, the Insurance Company will send the employee its claim forms unless the employer has already provided them. If the employee does not receive the claim forms within 15 days after the employee's notice is sent, the employee can send the Insurance Company written proof of claim without waiting for the forms.

2. Proof

   a. Proof of the employee's claim for which this policy provides weekly payment because of total disability must be given to the Insurance Company. This must be done within 90 days following the end of the first weekly period for which the Insurance Company is liable.

   Continuing proof of total disability and regular attendance of a physician must be given to the Insurance Company within 30 days after the requested date for that proof.

   b. If it is not possible to give proof within this time limit, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required, except if the employee is legally unable to notify the Insurance Company.

   c. The proof must cover:

      i. what the loss is;

      ii. the date of loss; and

SECTION Vι - GENERAL POLICY PROVISIONϹ (continued)

    iii. the cause of loss.

  d. The Insurance Company may require as part of the proof authori-
zations to obtain medical and nonmedical information.

## G. EXAMINATION

The Insurance Company, at its own expense, will have the right and oppor-
tunity to have an employee, whose claim is pending, examined by a physician
of its choice.  This right may be used as often as reasonably required.

## H. LEGAL PROCEEDINGS

A claimant or the claimant's authorized representative cannot start any legal
action:

1. until 60 days after proof of claim has been given; nor

2. more than 3 years after the time proof of claim is required.

## I. TIME OF PAYMENT OF CLAIMS

Accrued weekly income benefits will be paid each week during any period for
which the Insurance Company is liable.

## J. PAYMENT OF CLAIMS

Benefits Payable

All benefits are payable to the employee.  But if a benefit is payable to an
employee's estate, an employee who is a minor, or an employee who is not
competent, the Insurance Company has the right to pay up to $2,000 to any
of the employee's relatives whom the Insurance Company considers entitled
to it.  If the  Insurance Company pays benefits in good faith to a relative,
the Insurance Company will not have to pay those benefits again.

## K. WORKERS' OR WORKMEN'S COMPENSATION

This policy is not in the place of, and does not affect, any requirement for
coverage by workers' or workmen's compensation insurance.

## L. AGENCY

For all purposes of this policy, the Policyholder acts on its own behalf or
as agent of the employee.  Under no circumstances will the Policyholder be
deemed the agent of the Insurance Company.

## SECTION VII - PREMIUMS

### A. PREMIUM RATES

The initial premium is determined on the basis of the rates shown in Part II of the Policy Specifications.

The Insurance Company may establish new rates for the computation of all future premiums as well as the one then due:

1. when the terms of this policy are changed;

2. when a division, a subsidiary or an affiliated company is added to this policy; or

3. for reasons other than 1. and 2. above, such as, but not limited to a change in factors bearing on the risk assumed. But the rates may not be changed within the first 12 months following the policy effective date.

No premium may be increased unless the Insurance Company notifies the Policyholder at least 31 days in advance of the increase. Premium increases may take effect on an earlier date when both the Insurance Company and the Policyholder agree.

### B. PAYMENT OF PREMIUMS

1. All premiums due under this policy, including adjustments, if any, are payable by the Policyholder on or before their respective due dates at the Insurance Company's home office. The due dates are specified on the first page of this policy.

2. Premiums payable to the Insurance Company will be paid in United States dollars.

3. If premiums are payable on a monthly basis, premiums for additional or increased insurance becoming effective during a policy month will be charged from the next premium due date.

4. The premium charge for insurance terminated during a policy month will cease at the end of the policy month in which such insurance terminates.

5. If premiums are payable on other than a monthly basis, premiums for additional, increased, reduced or terminated insurance will cause a pro rata adjustment on the next premium due date.

6. Except for fraud, premium adjustments, refunds, or charges will be made for only:

   a. the current policy year; and

   b. the prior policy year.

**First UNUM Life Insurance Company**

**AMENDMENT**

This amendment forms a part of the Group Policy issued to the Policyholder.

A.  If an employee is on a family or medical leave of absence, First UNUM will continue coverage under the Policy -- in accordance with the employer's Human Resource policy on family and medical leaves of absence -- as if the employee were in active employment, if the following conditions are met:

1.  premiums are paid in accordance with the Policy provisions, and

2.  the employer has approved the employee's leave in writing.

B.  Coverage will be continued for up to the greater of:

1.  the leave period required by the federal Family and Medical Leave Act of 1993, and any amendments;

2.  the leave period required by applicable state law; or

3.  the leave period provided in the Policy for the employee's medical leave for sickness or injury.

C.  If coverage is not continued during a family or medical leave of absence, upon the employee's return to active employment:

1.  no new waiting periods will be applied,

2.  no new pre-existing conditions exclusions or limitations will be applied, and

3.  no evidence of insurability will be required,

to reinstate the coverage in effect on the date before the leave began.

D.  If the Policy contains a pre-existing conditions exclusion or limitation provision, the time period in the provision will continue to run through an insured's family or medical leave of absence.

E.  If the Policy contains a "Temporary Layoff and Leave of Absence Provision", this provision applies only to leaves other than family and medical leaves of absence.

The effective date of this amendment is August 5, 1993 or the effective date of the Policy, if later.

Signed for the Company at Tarrytown, New York

*Anne B Kelley*

Registrar

A.PA.9.1.1

# EXHIBIT C

# TO REMOVAL PETITION

Policyholder:  COMPUTER ASSOCIATES
INTERNATIONAL INC.

Policy Number:  453818

Policy Effective Date:  January 1, 1993

Premium Due Dates:  January 1 and the first day
of each following month.

Governing Jurisdiction:  NEW YORK

Policy Anniversary:  January 1, 1994, and each
following January 1.

**GROUP**

**LONG**

**TERM**

**DISABILITY**

**INSURANCE**

**POLICY**

**NON**

**PARTICIPATING**

First UNUM Life Insurance Company (referred to as the Company) will pay the benefits provided in this policy. The Company makes this promise subject to all of this policy's provisions.

The policyholder should read the policy specifications carefully and contact the Company promptly with any questions.

This policy is delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by The Employee Retirement Income Security Act of 1974 (ERISA) and any amendments.

Signed for the Company at Tarrytown, New York on the policy effective date.

Secretary                              President

First UNUM Life Insurance Company

This policy is divided into sections as follows:

| | | |
|---|---|---|
| Section | I | POLICY SPECIFICATIONS |
| Section | II | DEFINITIONS |
| Section | III | ELIGIBILITY AND EFFECTIVE DATES |
| Section | IV | BENEFITS |
| Section | V | TERMINATION PROVISIONS |
| Section | VI | GENERAL POLICY PROVISIONS |
| Section | VII | PREMIUMS |

This policy follows a number-letter sequence.  It is not necessary that it include all numbers or letters in complete sequence to be correct.

L-IND-1

SECTION I - POLICY SPECIFICATIONS

1.  Description of Eligible Classes

    All Employees

2.  Amounts of Insurance

    a.  60% (benefit percentage) of basic monthly earnings not to exceed the maximum monthly benefit, less other income benefits.

        Note: This benefit is subject to reductions for earnings as provided in the Monthly Benefit section of this policy.

    b.  The maximum monthly benefit is $7,500.

    The minimum monthly benefit is the greater of:

    a.  $100.00; or

    b.  10% of the monthly benefit before deductions for other income benefits.

3.  Maximum Benefit Period

    | Age at Disability | Maximum Benefit Period |
    | --- | --- |
    | Less than 60 | To Age 65 but not less than 5 years |
    | 60-64 | 5 Years |
    | 65-69 | To Age 70 But Not Less Than 1 Year |
    | 70 and Over | 1 Year |

4.  Elimination Period

    The later of 30 calendar days or the end of paid accumulated sick leave.

5.  Minimum Requirement for Active Employment:  30 hours per week

SECTION I - POLICY SPECIFICATIONS (Continued)

6. Definition of Basic Monthly Earnings

"Basic monthly earnings" means the insured's total earnings from the employer for the 12 month period just prior to the date disability begins, divided by 12. It includes earnings received from commissions, bonuses, overtime and other extra compensation.

7. Waiting Period:

   a. Employees in an eligible class on or before the policy effective date: None

   b. Employees entering an eligible class after the policy effective date:  None

   The employee must be in continuous active employment in an eligible class during the specified waiting period.

8. Employee Contributions Required:

   Yes

   Note:    Coverage for which contributions are required applies only if proper enrollment is made and the required contributions are made.

L-PS-2

SECTION I - POLICY SPECIFICATIONS (continued)

Initial Premium Rates

Monthly Premium:   .34% of total covered payroll per month.

"Total covered payroll" is the total amount of basic monthly earnings for which all employees are insured under this policy.

Rate Guarantee (replaces the initial rate guarantee shown in Section VII of this policy)

No change in premium rates will become effective prior to January 1, 1993 unless:

1.  the eligibility and/or benefits are changed; or

2.  the number of insured employees changes by 25% or more; or

3.  a subsidiary, division or affiliate is added to this policy.

If any of the above events occurs, the premium rates may be changed.  After such a premium rate change has been made, any further changes will be made according to the Premium section of this policy.

SECTION II - DEFINITIONS (continued)

"Physician" means a person who is:

1.  operating within the scope of his license; and either

2.  licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

3.  legally qualified as a medical practitioner and required to be re-cognized, under this policy for insurance purposes, according to the insurance statutes or the insurance regulations of the governing jurisdiction.

It will not include an employee or his spouse, daughter, son, father, mother, sister or brother.

"Policy Specifications" is the document showing the eligible classes, the amounts of insurance and other relevant information pertaining to the plan of insurance applied for by the policyholder.  This document, designated Section 1, is attached to and is part of this policy.

"Retirement benefits", when used with the term retirement plan, means money which:

1.  is payable under a retirement plan either in a lump sum or in the form of periodic payments;

2.  does not represent contributions made by an employee; and

   Note: payments which represent employee contributions are deemed to be received over the employee's expected remaining life regardless of when such payments are actually received.

3.  is payable upon:

   a.  early or normal retirement; or

   b.  disability if the payment does reduce the amount of money which would have been paid at the normal retirement age under the plan if the disability had not occurred.

   Note:  The following early retirement benefits are not considered retirement benefits under the policy:

   i    those which the insured receives because the retirement plan compels their receipt; and

   ii   those which reduce the amount of money which would have been paid as retirement benefits at the normal retirement age under the plan.

SECTION II - DEFINITIONS (continued)

"Retirement plan" means a plan which provides retirement benefits to employees and which is not funded wholly by employee contributions. The term shall not include a profit-sharing plan, a thrift plan, an individual retirement account (IRA), a tax sheltered annuity (TSA), a stock ownership plan, or a non-qualified plan of deferred compensation.

"Sickness" means illness or disease. It will include pregnancy unless excluded in the General Exclusions section of this policy. The disability must begin while the employee is insured under this policy.

"Waiting period," as shown in the policy specifications, means the continuous length of time an employee must serve in an eligible class to reach his eligibility date.

## SECTION IV - BENEFITS

### DISABILITY

When the Company receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period. The benefit will be paid for the period of disability if the insured gives to the Company proof of continued:

1.  disability; and

2.  regular attendance of a physician.

The proof must be given upon request and at the insured's expense.

The monthly benefit will not:

1.  exceed the insured's amount of insurance; nor

2.  be paid for longer than the maximum benefit period.

The amount of insurance and the maximum benefit period are shown in the policy specifications.

### PARTIAL DISABILITY

When proof is received that an insured is partially disabled within 31 days of the end of a period during which he received disability benefits, the Company will pay a monthly benefit. The partial disability must result from the injury or sickness that caused the disability.

### MONTHLY BENEFIT

To figure the amount of monthly benefit:

1.  Take the lesser of:

    a.  60% of the insured's basic monthly earnings; or

    b.  the amount of the maximum monthly benefit shown in the policy specifications; and

2.  Deduct other income benefits, shown below, from this amount.

SECTION IV - BENEFITS (continued)

## COST OF LIVING FREEZE

After the first deduction for each of the other income benefits, the monthly benefit will not be further reduced due to any cost of living increases payable under these other income benefits.

## LUMP SUM PAYMENTS

Other income benefits which are paid in a lump sum will be prorated on a monthly basis over the time period for which the sum is given. If no time period is stated, the sum will be prorated on a monthly basis over the insured's expected lifetime as determined by the Company.

## TERMINATION OF DISABILITY BENEFITS

Disability benefits will cease on the earliest of:

1. the date the insured is no longer disabled;

2. the date the insured dies;

3. the end of the maximum benefit period;

4. the date the insured's current earnings exceed 80% of his indexed pre-disability earnings.

## RECURRENT DISABILITY

"Recurrent disability" means a disability which is related to or due to the same cause(s) of a prior disability for which a monthly benefit was payable.

A recurrent disability will be treated as part of the prior disability if, after receiving disability benefits under this policy, an insured:

1. returns to his regular occupation on a full-time basis for less than six months; and

2. performs all the material duties of his occupation.

Benefit payments will be subject to the terms of this policy for the prior disability.

If an insured returns to his regular occupation on a full-time basis for six months or more, a recurrent disability will be treated as a new period of disability. The insured must complete another elimination period.

In order to prevent overinsurance because of duplication of benefits, benefits payable under this Recurrent Disability provision will cease if benefits are payable to the insured under any other group long term disability policy.

## SECTION IV - BENEFITS (continued)

### SURVIVOR BENEFIT

The Company will pay a benefit to the eligible survivor when proof is received that an insured died:

1. after disability had continued for 180 or more consecutive days; and

2. while receiving a monthly benefit.

The benefit will be an amount equal to three times the insured's gross monthly benefit.

If payment becomes due to the insured's children, payment will be made to:

1. the children; or

2. a person named by the Company to receive payments on the children's behalf. This payment will be valid and effective against all claims by others representing or claiming to represent the children.

"Eligible survivor" means the insured's spouse, if living, otherwise the insured's children under age 25. But, if there are no eligible survivors, payment will be made to the insured's estate.

### GENERAL EXCLUSIONS

This policy does not cover any disability due to:

1. war, declared or undeclared, or any act of war;

2. intentionally self-inflicted injuries;

3. active participation in a riot.

### PRE-EXISTING CONDITION EXCLUSION

This policy will not cover any disability:

1. caused by, contributed to by, or resulting from a pre-existing condition; and

2. which begins in the first 12 months after an insured's effective date.

A "pre-existing condition" means a sickness or injury for which the insured received medical treatment, consultation, care or services including diagnostic measures, or had taken prescribed drugs or medicines in the three months prior to the insured's effective date.

### MENTAL ILLNESS, ALCOHOLISM, AND DRUG ABUSE LIMITATION

Benefits for disability due to mental illness, alcoholism or drug abuse will not exceed 24 months of monthly benefit payments unless the insured meets one of these situations.

1. The insured is in a hospital or institution at the end of the 24-month period. The monthly benefit will be paid during the confinement.

SECTION IV - BENEFITS (continued)

The benefit will be determined according to this policy's benefit schedule, but it will not exceed the prior carrier's maximum monthly benefit. No benefit will be paid if the employee cannot satisfy the pre-existing condition exclusion of 1. or 2. above.

SECTION V - TERMINATION PROVISIONS

    d.  the policyholder fails:

        i.  to furnish promptly any information which the Company may reasonably require; or

        ii.  to perform any other obligations pertaining to this policy.

4.  Termination may take effect on an earlier date when both the policyholder and the Company agree.

## SECTION VI – GENERAL POLICY PROVISIONS

    a.  deprive an employee of insurance;

    b.  affect an employee's amount of insurance; or

    c.  effect or continue an employee's insurance which otherwise would not be in force.

### E. MISSTATEMENT OF FACTS

If relevant facts about any employee were not accurate:

1.  a fair adjustment of premium will be made; and

2.  the true facts will decide if and in what amount insurance is valid under this policy.

### F. NOTICE AND PROOF OF CLAIM

#### 1. Notice

    a.  Written notice of claim must be given to the Company within 30 days of the date disability starts, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.

    b.  When the Company has the written notice of claim, the Company will send the insured its claim forms. If the forms are not received within 15 days after written notice of claim is sent, the insured can send the Company written proof of claim without waiting for the form.

#### 2. Proof

    a.  Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period.

    b.  If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible.

    c.  Proof of continued disability and regular attendance of a physician must be given to the Company within 30 days of the request for the proof.

    d.  The proof must cover:

        i.  the date disability started;

        ii.  the cause of disability; and

        iii. how serious the disability is.

SECTION VI - GENERAL POLICY PROVISIONS

## G. EXAMINATION

The Company, at its own expense, will have the right and opportunity to have an employee, whose injury or sickness is the basis of a claim:

1. examined by a physician, other health professional, or vocational expert of its choice; and/or

2. interviewed by an authorized Company representative.

This right may be used as often as reasonably required.

## H. LEGAL PROCEEDINGS

A claimant or the claimant's authorized representative cannot start any legal action:

1. until 60 days after proof of claim has been given; nor

2. more than 3 years after the time proof of claim is required.

## I. TIME OF PAYMENT OF CLAIMS

When the Company receives proof of claim, benefits payable under this policy will be paid monthly during any period for which the Company is liable.

## J. PAYMENT OF CLAIMS

All benefits are payable to the employee.  But if a benefit is payable to an employee's estate, an employee who is a minor, or an employee who is not competent, the Company has the right to pay up to $1,000 to any of the employee's relatives whom the Company considers entitled.  If the Company pays benefits in good faith to a relative, the Company will not have to pay such benefits again.

## K. WORKERS' OR WORKMEN'S COMPENSATION

This policy is not in lieu of, and does not affect, any requirement for coverage by workers' or workmen's compensation insurance.

## L. AGENCY

For all purposes of this policy, the policyholder acts on its own behalf or as agent of the employee.  Under no circumstances will the policyholder be deemed the agent of the Company.

SECTION VII - PREMIUM

C. WAIVER OF PREMIUM

Premium payments for an employee are waived during any period for which benefits are payable. Premium payments may be resumed following a period during which they were waived.

L-PREM-2

## SECTION VII - PREMIUMS

### A.  PREMIUM RATES

The initial premium is determined on the basis of the rates shown in the policy specifications.

The Company may establish new rates for the computation of all future premiums as well as the one then due:

1.  when the terms of this policy are changed;

2.  when a division, subsidiary, or affiliated company is added to this policy; or

3.  for reasons other than 1. and 2. above, such as, but not limited to a change in factors bearing on the risk assumed.  But, the rates may not be changed within the first 12 months following the policy effective date.

No premium may be increased unless the Company notifies the employer at least 31 days in advance of the increase.  Premium increases may take effect on an earlier date when both the Company and the employer agree.

### B.  PAYMENT OF PREMIUMS

1.  Premium payment calculations:

    a.  will be based on the coverage provided under this policy; and

    b.  are determined by the covered payroll as shown in the policy specifications.

2.  All premiums due under this policy, including adjustments, if any, are payable by the employer on or before their respective due dates at the Company's home office.  The due dates are specified on the first page of this policy.

3.  Premiums payable to the Company will be paid in United States dollars.

4.  If premiums are payable on a monthly basis, premiums for additional or increased insurance becoming effective during a policy month will be charged from the next premium due date.

5.  The premium charge for insurance terminated during a policy month will cease at the end of the policy month in which such insurance terminates. This manner of charging premium is for accounting purposes only and will not extend insurance coverage beyond a date it would have otherwise terminated as shown in the "Termination of Employee's Insurance" section of this policy.

6.  If premiums are payable on other than a monthly basis, premiums for additional, increased, reduced or terminated insurance will cause a pro rata adjustment on the next premium due date.

7.  Except for fraud, premium adjustments, refunds or charges will be made for only:

    a.  the current policy year; and

    b.  the prior policy year.

L-PREM-1