IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL A. KOSNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 500 |
| v. | ) | |
| | ) | Judge Dow |
| 1ST UNUM LIFE INSURANCE CO., | ) | Magistrate Judge Keys |
| UNUM PROVIDENT, | ) | |
| UNUM POLICY SERVICE, | ) | |
| UNUM QUALITY PERFORMANCE | ) | |
| SUPPORT and UNUM, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

Defendants, FIRST UNUM LIFE INSURANCE COMPANY ("First Unum") and UNUM GROUP ("Unum Group"), incorrectly named as Unum Provident, Unum Policy Service, Unum Quality Performance Support and Unum, by their attorneys, Michael J. Smith and Warren von Schleicher, hereby submit their Memorandum in Support of their Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, state as follows:

**INTRODUCTION**

The plaintiff, Cheryl A. Kosnik ("Kosnik"), seeks to recover disability benefits under a group disability insurance plan ("Plan") established by her employer, Computer Associates International, Inc. ("Computer Associates"). The Plan was established pursuant to the terms of a group short term disability insurance policy ("STD Group Policy") and group long term disability insurance policy ("LTD Group Policy") issued to Computer Associates by First Unum, which constitute the applicable Plan documents in this case. (A true and correct copy of the STD

and LTD Group Policies are attached hereto as Group Exhibits A and B, respectively).[1] In addition to disability benefits, Kosnik seeks to recover punitive damages, treble damages, and various "out of pocket" expenses such as interest on bank loans allegedly incurred by her as a result of the denial of her disability claim. Although Kosnik fails to identify the legal bases for her claims, the breadth of the relief requested in the Complaint suggests that Kosnik endeavors to allege state law theories of breach of contract, and statutory penalties under §155 of the Illinois Insurance Code, 215 ILCS 5/155.

Kosnik's claims in the Complaint, however, are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA"). The STD and LTD Group Policies constitute an employee welfare benefit plan established by Computer Associates for the benefit of its employees. ERISA effectively preempts all state law causes of action that relate to a plaintiff's eligibility for benefits under an employee welfare benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Kosnik's claims in the Complaint, therefore, are preempted by §502 and §514 of ERISA, 29 U.S.C. §1132 and 29 U.S.C. §1144.

Kosnik's claim to recover benefits under the Plan, moreover, is barred by the Plan's contractual limitations period. (*See* Ex. A, STD Group Policy, pg. GPP-3; Ex. B, LTD Group Policy, pg. L-GPP-3). Based on the allegations of the Complaint, Kosnik was required to initiate a legal proceeding under the LTD Group Policy no later than April 29, 2007  Kosnik, however, failed to file suit until December 28, 2007, when she filed the Complaint in the Circuit Court of DuPage County. Kosnik's claim for long-term disability benefits and other relief under the Plan, therefore, is time barred.

---

[1] The Plan documents may be considered as part of defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), because the Complaint makes reference to Kosnik's eligibility for disability benefits under the insurance coverage provided to employees of Computer Associates, and the Plan documents are central to her claim. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

**ARGUMENT**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 528 U.S. 1159 (2000). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 127 S.Ct. 1955, 1964 (2007) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests.").

**I.   Computer Associates Established An Employee Welfare Benefit Plan Under ERISA.**

ERISA is "a statute of general application, one that envisions inclusion within its ambit as the norm." *Cvelbar v. CBI Illinois Inc.*, 106 F.3d 1368, 1376 (7th Cir.), *cert. denied*, 522 U.S. 812 (1997). The ERISA statute defines an "employee welfare benefit plan" broadly to encompass (i) any "plan, fund or program" (ii) which is "established or maintained" (iii) by an "employer" or an "employee organization" (iv) for the purpose of providing, either directly or "through the purchase of insurance," benefits such as medical, dental, life and disability (v) to participants and beneficiaries. 29 U.S.C. §1002(1). *See also Ruttenberg v. U. S. Life Ins. Co. of*

3

*New York*, 413 F.3d 652, 660 (7th Cir. 2005). All of the elements of an ERISA plan are satisfied in the present case.

### A. The STD and LTD Group Policies constitute a "plan, fund or program" under ERISA.

The first prong of ERISA's definition of an "employee benefit plan" is satisfied, because the STD and LTD Group Policies constitute a "plan, fund or program" under ERISA. A "plan, fund or program" is established if "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2nd Cir. 1994). *See also Cvelbar*, 106 F.3d at 1378; *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982). The purchase of one or more group policies covering a class of employees constitutes "substantial evidence" that a "plan, fund or program" exists. *Donovan*, 688 F.2d at 1373.

In the present case, the Plan documents expressly name the persons eligible for coverage as the employees of Computer Associates. (Ex. A, STD Group Policy, pg. PS-WI-1; Ex. B, LTD Group Policy, pg. L-PS-1). The STD and LTD Group Policies identify the type of benefits provided by the employee benefit plan (short term and long term disability benefits), the source of funding (insurer funded), and detailed procedures for claiming benefits (Ex. A, STD Group Policy, pg. PS-WI-1 and GPP-2 to GPP-3; Ex. B, LTD Group Policy, pgs. L-1 and L-GPP-2 and L-GGP-2). The STD and LTD Group Policies state that their terms are governed "to the extent applicable by the Employee Retirement Income Security Act of 1974." (Ex. A, STD Group Policy, pg. CP-1; Ex. B, LTD Group Policy, pg. L-1).

There can be no legitimate dispute, therefore, that the STD and LTD Group Policies constitute a "plan, fund or program" under ERISA.

### B. The Plan was "established or maintained" by an "employer" under ERISA.

The second and third prongs of ERISA's definition of "employee benefit plan" are satisfied, because Computer Associates clearly qualifies as an "employer" under ERISA, and Computer Associates "established or maintained" the Plan as part of its employee benefit program.

Section 3(5) of ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer." 29 U.S.C. § 1002(5).[2] The Plan documents expressly identify Computer Associates as the ERISA employer.[3] (Ex. A, STD Group Policy, pgs. CP-1 and DEF-1; Ex. B, LTD Group Policy, pgs. L-1, L-PS-3, L-DEF-2). In the Complaint, Kisnik admits that Computer Associates was her employer. (Complaint, Count I, ¶ 1). Computer Associates, therefore, satisfies ERISA's definition of "employer."

Computer Associates, moreover, established and maintained the Plan as part of its employee welfare benefit program. Only a minimal level of employer involvement is necessary in order to establish or maintain a plan under ERISA. When an employer contracts with an insurer for the purchase of a group policy and designates a class of employees eligible for enrollment, the employer has demonstrated a sufficient level of involvement to establish a plan under ERISA. *See Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989).

Computer Associates established the Plan under ERISA by selecting First Unum as its group insurer and purchasing the STD and LTD Policies as a benefit for its employees.

---

[2] Section 3(9) of ERISA defines the term "person" as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9).

[3] The Plan documents identify Computer Associates as the Policyholder, and define the "Employer" as the Policyholder and the Policyholder's corporate affiliates.

5

Computer Associates, moreover, pays the cost of its employees' short-term disability coverage. As stated in the STD Group Policy:

> Contributions:
> Who pays for the Plan?
> The employer pays for the plan.

(Ex. A, STD Group Policy, pg. PS-GI-1). *See Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454-455 (7th Cir. 2005) (holding that an employer establishes a plan under ERISA when it pays a portion of its employees' premiums); *Postma v. Paul Revere Life Ins. Co.,* 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes or maintains a plan if it enters a contract with the insurer and pays its employees' premiums.").

In addition, Computer Associates, as the Employer and Policyholder, retained the authority to terminate its group disability insurance program: "The policyholder may terminate this policy by advance written notice delivered to [First Unum] … at least 31 days prior to the termination date." (Ex. A, STD Group Policy, pg. TERM-1; Ex. B, LTD Group Policy, pg. L-TERM-1). The fact that Computer Associates —rather than individual plan members—may terminate coverage further demonstrates that Computer Associates established the STD and LTD Group Policies as part of its employee welfare benefit plan.

Computer Associates also retained ongoing administrative functions with respect to its Plan, including the tracking of which employees are eligible for coverage, any changes in the amount of each employee's coverage, and documenting when an employee's coverage terminates. (Ex. A, STD Group Policy, pg. GPP-1; Ex. B, LTD Group Policy, pg. L-GPP-1).

The Plan is outside of the Department of Labor's safe harbor exception, 29 C.F.R. §2510.3-1(j), because Computer Associates purchased the STD and LTD Policies, paid premiums for its employees' short-term disability coverage, and retained administrative

6

functions and the authority to terminate coverage. Computer Associates, therefore, "endorsed" the Plan as part of its employee welfare benefit program. As stated by the court in *Dwyer v. Unum Life Ins. Co. Of America*, No. 03 C 1118, 2003 WL 22844234 (N.D. Ill. Dec. 1, 2003):

> "[A]n employer who creates by contract with an insurance company a group insurance plan and designates which employees are eligible to enroll in it is outside the safe harbor created by the Department of Labor regulation." This is exactly what [the employer] has done--contracted with Unum for a group plan and designated employees eligible to enroll.

*Id*. at *2 (*quoting Brundage-Peterson*, 877 F.2d at 510).[4]

### C. The Plan provides ERISA governed benefits to participants and beneficiaries.

The fourth and fifth prongs of ERISA's definition of "employee welfare benefit plan" also are satisfied, because the Plan provides *disability* insurance benefits to eligible "employees." Section 1002(1) specifically identifies an employer's "purchase of insurance" for purposes of providing "benefits in the event of sickness, accident, *disability*, death or unemployment" as a type of employee benefit that falls within the scope of ERISA. 29 U.S.C. §1002(1) (emphasis added).

The fifth prong, which requires that Plan benefits be provided to "participants" and "beneficiaries," also is satisfied. The Seventh Circuit, in *Ruttenberg*, recently articulated ERISA's definition of "participant" and "beneficiary" as follows:

> A "participant" in an ERISA-qualifying plan means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. *Id*. §1002(7). The other qualifying ERISA class members are "beneficiaries," that is, "a person

---

[4] Whereas coverage under ERISA is liberally construed, the Seventh Circuit has held that the safe harbor exemption should be applied narrowly. *Brundage-Peterson*, 877 F.2d at 511.

    designated by a participant, or by the terms of an employee benefit plan,
    who is or may become entitled to a benefit thereunder." *Id*. §1002(8).

*Ruttenberg*, 413 F.3d at 660.

  In the present case, the STD and LTD Group Policies specifically provide disability insurance coverage to eligible employees of Computer Associates. It is clear, therefore, that the fifth prong of ERISA's definition of "employee welfare benefit plan" is satisfied, because the Plan provides disability insurance coverage to its employees, who are "participants" in the Plan under ERISA.

  Thus, the terms of the STD and LTD Group Policies and the allegations of the Complaint establish that Kosnik's claim for long term disability insurance benefits is governed by ERISA.

  **II.**  **Kosnik's Claims In The Complaint Are Preempted By ERISA.**

  The Supreme Court has emphasized the "deliberately expansive" nature of ERISA preemption. *Pilot Life Ins. Co.*, 481 U.S. at 46. Preemption of state laws is "consistent with Congress's decision to create a comprehensive, uniform federal scheme for the regulation of employee benefit plans." *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1329 (5th Cir.), *cert. denied*, 506 U.S. 1033 (1992) (*citing Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990)). All state law claims that "relate to" an employee welfare benefit plan are preempted by ERISA.

  A state law claim "relates to" an employee welfare benefit plan if the court is called upon to interpret the provisions of the plan. *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001); *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558 (7th Cir. 2002). ERISA, therefore, preempts state law contract and tort theories that are essentially claims for breach of contract. *Gupta v. Freixenet, USA, Inc.*, 908 F.Supp. 557, 562 (N.D. Ill. 1995) ("ERISA preempts state law tort or

8

contract claims that are essentially suits for benefits") (*citing Lister v. Stark*, 890 F.2d 941 (7th Cir. 1989), *cert. denied*, 498 U.S. 1011 (1990)).

    Moreover, any action that seeks to recover damages arising from the administration of a claim for benefits under an ERISA governed plan is preempted by §502 and §514(a) of ERISA. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992). ERISA, therefore, preempts tort claims and claims for "bad faith" under section 155 of the Illinois Insurance Code. *See, e.g., McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005) (state law intentional and negligent tort claims are preempted by ERISA); *Burns v. American United Life Ins. Co.*, 05 C 0466, 2005 WL 3164233, at *7 (S.D. Ill. Nov. 28, 2005) ("[s]ection 155 undoubtedly would expand, and thus undermine, Congress's carefully crafted civil enforcement scheme in Section 1132(a)"); *Dwyer*, 2003 WL 22844234, at *5 ("[E]very court in the Northern District of Illinois that has addressed the issue has found that Section 155 of the Insurance Code 'relate[s] to' an ERISA plan" and, therefore, is preempted by ERISA").

    Kosnik's claims in the Complaint relate to her eligibility to receive disability benefits under the terms of the Plan, and defendants' administration of her disability claim. Kosnik's legal recourse properly lies within §502(a)(1)(B) of ERISA, 29 U.S.C. §§1132(a)(1)(B). Section 502(a)(1)(B) provides the *exclusive* means by which a participant or beneficiary may bring a civil action to obtain a declaration of his rights to benefits under an employee welfare benefit plan. *Pilot Life Ins. Co.*, 481 U.S. at 46.

    Finally, only First Unum is the proper defendant to Kosnik's putative ERISA claim, because First Unum issued the STD and LTD Group Policies and decided Kosnik's eligibility for disability benefits. Kosnik, therefore, fails to state a claim against Unum Group (which is First Unum's indirect corporate parent).

Accordingly, the Complaint should be dismissed on the basis of ERISA preemption, pursuant to 29 U.S.C. §1132 and 29 U.S.C. §1144.

**III.    Kosnik's Claim To Recover Benefits Is Time Barred.**

The ERISA statute does not contain a specific statute of limitations applicable to benefit claims under §502(a). When Congress does not provide a statute of limitations for federal claims, courts generally adopt the statute of limitations applicable to analogous state law claims. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 873 (7th Cir. 1997).

The ERISA Plan documents, however, can establish a shorter limitations period. The Seventh Circuit has enforced contractual limitations periods in ERISA plans as long as the period is reasonable. *Id.*, at 873. In *Doe*, the Seventh Circuit held that a thirty-nine month contractual limitations period was reasonable. *Id.*, at 875. *See also Ingram v. Travelers Ins. Co.*, 897 F.Supp. 1160, 1166 (N.D. Ind. 1995), *aff'd.*, 78 F.3d 586 (7th Cir. 1996) (holding that the ERISA plan's three-year limitations periods was reasonable); *Segerdahl v. Segerdahl Corp. Employee Stock Ownership Plan*, No. 05 C 4690, 2006 WL 1030195, at *10 (N.D. Ill. Apr. 17, 2006) (holding that the plan's ninety-day limitations period allowed the plaintiff adequate time to develop his case and, thus, was reasonable under ERISA).

In the case *sub judice*, the STD and LTD Group Policies establish a three-year limitations period within which a participant must file suit:

> LEGAL PROCEEDINGS
> A claimant or the claimant's authorized representative cannot start any legal action:
> 1.    until 60 days after proof of claim has been given; nor
> 2.    more than 3 years after the time proof of claim is required.

(Ex. A, STD Group Policy, pg. GPP-3; Ex. B, LTD Group Policy, pg. L-GPP-3). Proof of claim is required no later than 90 days after the first week of disability under the STD Group Policy,

and 120 days (consisting of 90 days + the 30 day elimination period) after the date disability starts under the LTD Group Policy. (Ex. A, STD Group Policy, pg. GPP-2; Ex. B, LTD Group Policy, pgs. L-PS-1 and L-GPP-2).

Kosnik failed to commence a legal action within the Plan's contractual limitations period. In the Complaint, Kosnik sees to recover long term disability benefits "for the period 2003" to the present. (Complaint, Relief ¶ 1). Even construing the Complaint as alleging a date of disability as late as December 31, 2003, Kosnik was required to initiate a legal proceeding under the LTD Group Policy no later than April 29, 2007 (3 years and 120 days after the date of disability). Kosnik, however, failed to file suit until December 28, 2007, when she filed the Complaint in the Circuit Court of DuPage County. Kosnik's claim for long-term disability benefits and other relief under the Plan, therefore, is time barred. Accordingly, the Complaint should be dismissed with prejudice.

## CONCLUSION

Kosnik's state law claims in the Complaint are preempted by §502 and §514 of ERISA, 29 U.S.C. §1132 and 29 U.S.C. §1144. Kosnik's claim to recover benefits, moreover, is barred by the Plan's contractual limitations period. Accordingly, the Complaint should be dismissed with prejudice.

WHEREFORE, defendants, FIRST UNUM LIFE INSURANCE COMPANY and UNUM GROUP, incorrectly named as incorrectly named as Unum Provident, Unum Policy Service, Unum Quality Performance Support and Unum, respectfully request dismissal of the Complaint on the basis of ERISA preemption and untimeliness.

                                      Respectfully submitted,

Michael J. Smith                By: /s/ Warren von Schleicher
Warren von Schleicher            Attorney for Defendants, First Unum Life
Smith, von Schleicher & Associates    Insurance Company and Unum Group
39 S. LaSalle St., Suite 1005
Chicago, IL 60603
 (312) 541-0300

## CERTIFICATE OF SERVICE

       I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. In addition, I certify that I served a paper copy of the foregoing on the individual listed below by depositing same in the U.S. Mail, postage pre-paid, at 39 S. LaSalle St., Chicago, Illinois:

Cheryl A. Kosnik
P.O. Box 688
Warrenville, Illinois  60555

                              Respectfully submitted,

                              s/ Warren von Schleicher
                              Smith, von Schleicher & Associates
                              39 S. LaSalle St., Suite 1005
                              Chicago, Illinois  60603
                              (312) 541-0300
                              (312) 541-0933 Facsimile
                              ARDC#6197189
                              warren.vonschleicher@svs-law.com